IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Wilbur Talbert and Diana Davis, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 09 C 7390 |
| ) | |
| MRS Associates, Inc., a New Jersey ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiffs, Wilbur Talbert and Diana Davis, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Wilbur Talbert ("Talbert"), is a citizen of the State of West Virginia, from whom Defendant attempted to collect a delinquent consumer debt he owed for a Credit One credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Diana Davis ("Davis"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5. Defendant, MRS Associates, Inc. ("MRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MRS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant MRS is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

7. Defendant MRS is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

**Mr. Wilbur Talbert**

8. Mr. Talbert is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Credit One credit card. When Defendant MRS began trying to collect the Credit One debt from Mr. Talbert, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant MRS's collection actions.

9. On October 8, 2009, one of Mr. Talbert's attorneys at LASPD wrote to Defendant MRS, informing MRS that Mr. Talbert was represented by counsel, and directing it to cease contacting him, and to cease all further collection activities because Mr. Talbert was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant MRS's debt collector, "Don White", called Mr. Talbert directly on October 16, 2009, to attempt to collect the Credit One debt.

11. Accordingly, on October 19, 2009, Mr. Talbert's LASPD attorney had to send Defendant MRS another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

**Ms. Diana Davis**

12. Ms. Davis is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Capital One credit card. When Defendant MRS began trying to collect the Capital One debt from Ms. Davis, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant MRS's collection actions.

13. On August 17, 2009, one of Ms. Davis' attorneys at LASPD wrote to Defendant MRS, informing MRS that Ms. Davis was represented by counsel, and directing it to cease contacting her, and to cease all further collection activities because Ms. Davis was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

14. Nonetheless, Defendant MRS sent a collection letter, dated October 14, 2009, directly to Ms. Davis, demanding payment of the Capital One debt. A copy of this letter is attached as Exhibit F.

15. Accordingly, on November 9, 2009, Ms. Davis' LASPD attorney had to send Defendant MRS another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

16. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

17. Defendant MRS' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Plaintiffs' agent, LASPD, told Defendant MRS to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendant MRS violated § 1692c(c) of the FDCPA.

21. Defendant MRS's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22. Plaintiffs adopt and reallege ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant MRS knew that Mr. Talbert and Ms. Davis were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Mr. Talbert and Ms. Davis (Exhibits C and E). By directly calling Mr. Talbert, and by directly sending Ms. Davis a further collection letter, despite being advised that they were represented by counsel, Defendant MRS violated § 1692c(a)(2) of the FDCPA.

25. Defendant MRS's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Wilbur Talbert and Diana Davis, pray that this Court:

1. Find that Defendant MRS's debt collection actions violated the FDCPA;

5

2. Enter judgment in favor of Plaintiffs, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Wilbur Talbert and Diana Davis, demand trial by jury.

                Wilbur Talbert and Diana Davis,

                By: /s/ David J. Philipps
                One of Plaintiffs' Attorneys

Dated: November 25, 2009

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6